UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ADOLPHUS T. ROOKS,
FDOC Inmate No. 034390,
    Plaintiff,

vs.                                      Case No.: 3:20cv5350/MCR/EMT

NURSE PHILLIPS, et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, an inmate proceeding pro se and in forma pauperis, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). The matter is before the court on Plaintiff's amended complaint (ECF No. 14). The court is statutorily required to review Plaintiff's amended complaint to determine whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Upon review of the amended complaint, it is apparent Plaintiff has failed to state a viable claim for relief despite having had two opportunities to do so. It likewise is clear Plaintiff cannot cure the deficiencies by filing a second amended complaint. *See Silva v. Bieluch*, 351 F.3d 1045, 1048–49 (11th Cir. 2003) (Generally, "a district court must grant a plaintiff at

least one opportunity to amend their claims [as the court did here] before dismissing them if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend.") (internal marks omitted).  The undersigned thus recommends that the case be dismissed for failure to state a claim upon which relief can be granted.

I.     BACKGROUND

Plaintiff, an inmate of the Okaloosa Correctional Institution (OCI), names two Defendants in the amended complaint—Phillips, a nurse at OCI, and Stephanie Hengle, a physician at OCI.  Plaintiff claims he injured his finger on May 21, 2019, while working out and received inadequate medical treatment.  Specifically, Plaintiff alleges that after the incident, he reported to sick call and saw Phillips, who examined his finger and inquired into the manner in which the injury occurred.  Phillips observed that Plaintiff's finger was bent and swollen and that Plaintiff was in "severe pain" (ECF No. 14 at 5).  Phillips gave Plaintiff a few packages of ibuprofen after advising Plaintiff that, "from her observation," she thought the finger was only swollen (*id.*).

Plaintiff saw Phillips a second time, complaining of pain and the fact that his finger was swollen and bent.  According to Plaintiff, Phillips acknowledged there was

"more wrong" with the finger than mere swelling and advised Plaintiff to seek treatment at Reception and Medical Center (RMC), to which Plaintiff presumably was to be transferred.[1] Plaintiff says that because of Phillips' negligence, he "was left with an impairment finge[r]" and "is no longer able to grip properly with his hand, without experiencing pain and swelling" (ECF No. 14 at 5). In particular, Plaintiff says he is no longer able to exercise or use a spoon, toothbrush, or toilet paper without pain. He says that even if Phillips did not know his finger was broken, she acknowledged during the second visit that the injury was serious and should have consulted her supervisor, Defendant Hengle.

Plaintiff explains that "[n]egligence doesn't involve an intent to do anything wrong. That's not part of it. Negligence is the failure to act prudently in accordance with the standards in medical cases as other's [sic] nurse practitioners and specialist [sic] would act under similar circumstances" (ECF No. 14 at 7). In Plaintiff's view, negligence "doesn't mean someone was a bad person or intended to harm someone, it just mean[s] that there was a failure of care" (*id.*). In this instance, Plaintiff alleges, Phillips' "failure to use her use of reason, an [sic] skill of good judgment, in the use

---

[1] In his original complaint Plaintiff noted that the first nurse to examine him at RMC also advised him that his finger was "just swollen" (ECF No. 1 at 5).

of her resource, had left Plaintiff with a disfigurement" and "because of her inappropriate failure of medical care, Plaintiff has a permanent, daily reminder of the defendant [sic] negligence of misdiagnosis" (*id.*).

With regard to Defendant Hengle, Plaintiff states Hengle was employed by OCI "on a contract basis, acting physician" (ECF No. 14 at 8). Plaintiff says that in July 2019, evidently after he was returned to OCI, he "was scheduled to see the physician for his chronic illness clinician appointment" and that "while going over his medical condition, Plaintiff share [sic] his complaint of his injury [sic] finger" (*id.*). Plaintiff says Hengle examined his finger, acknowledged it was swollen and bent, and ordered x-rays (*id.*). When Plaintiff saw Hengle to review the x-rays, Hengle advised that Plaintiff's finger was broken and referred Plaintiff to a physical therapist. Plaintiff says the physical therapist indicated there was nothing that could be done about his finger because the finger had healed improperly. Plaintiff alleges Hengle negligently failed to refer him to an orthopedic surgeon, resulting in a "fixed deformity right finger" that has rendered him unable to "grip, write, eat, exercise, and ect. [sic]" without pain (ECF No. 14 at 8–9). Plaintiff again attributes the worsening of his condition to negligence, stating Hengle lacked "the qualities need [sic] for effective action" (*id.* at 9).

Plaintiff asserts an Eighth Amendment claim for deliberate indifference to a serious medical need. As relief, he seeks nominal and punitive damages.

## II.	DISCUSSION

### A.	Standard of Review

To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal marks and citation omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Mere "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do," and a plaintiff cannot rely on "naked assertions devoid of further factual enhancement." *Id.* (internal marks and alteration omitted); *see also Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). In other words,

> [p]leadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Case No.: 3:20cv5350/MCR/EMT

*Iqbal*, 556 U.S. at 679.

The court reads a pro se plaintiff's pleadings in a liberal fashion and holds them to a less stringent standard than pleadings drafted by attorneys. *See Harris v. Goderick*, 608 F. App'x 760, 761 (11th Cir. 2015). Nevertheless, in civil rights cases, "[m]ore than mere conclusory notice pleading is required . . . . A complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003) (internal marks and alteration omitted).

B.     Plaintiff's Claims

Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "Federal and state governments . . . have a constitutional obligation to provide minimally adequate medical care to those whom they are punishing by incarceration." *Harris v. Thigpen*, 941 F.2d 1495, 1504 (11th Cir. 1991). "Medical treatment violates the Eighth Amendment," however, "only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.' Mere incidents of negligence or malpractice do not rise to the level of constitutional violations." *Id.* at 1505 (internal citations omitted).

To prevail on an Eighth Amendment deprivation of medical care claim, an inmate must prove three elements. First, the plaintiff must demonstrate "an objectively serious medical need" so grave that, "if left unattended, [it] poses a substantial risk of serious harm." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (internal marks, alterations, and citations omitted). "[A] serious medical need is . . . one . . . diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal marks omitted). The second element requires "a subjective intent by the public officials involved to use the sufficiently serious deprivation in order to punish." *Taylor*, 221 F.3d at 1258. "To show the required subjective intent to punish, a plaintiff must demonstrate that the public official acted with an attitude of 'deliberate indifference.'" *Id.* (quoting *Estelle*, 429 U.S. at 105). The official's response must have been so inadequate as to "constitute an unnecessary and wanton infliction of pain" and not "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Id.* The deliberate-indifference standard is akin to "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 839–40 (1970); *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1271

(11th Cir. 2020).  To satisfy the final element of an Eighth Amendment deprivation of medical care claim, a plaintiff must show the official's deliberate indifference caused his injury.  *Taylor*, 221 F.3d at 1258; *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009) (reiterating the elements of an Eighth Amendment claim).

In the prison context, the court must "distinguish between evidence of disputed facts and disputed matters of professional judgment."  *Beard v. Banks*, 548 U.S. 521, 530 (2006).  A medical decision not to pursue a particular course of diagnosis or treatment is a classic example of a matter for medical judgment, an exercise of which does not represent cruel and unusual punishment.  *See Estelle*, 429 U.S. at 107–08. "Where a prisoner has received . . . medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in tort law."  *Hamm v. Dekalb Cty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) (internal marks omitted).  The Eighth Amendment does not require prisoners' medical care to be "perfect, the best obtainable, or even very good."  *Harris*, 941 F.2d at 1510 (internal marks omitted). Rather, the Eleventh Circuit has emphasized, "[m]edical treatment violates the [E]ighth [A]mendment only when it is so grossly incompetent, inadequate, or

excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id.* at 1505 (internal marks omitted).

Plaintiff has not alleged facts sufficient to establish all of the elements of a deliberate indifference claim. Even assuming Plaintiff has adequately alleged a serious medical condition, he has not alleged that any Defendant was aware of such condition and disregarded it. Instead, Plaintiff states that Phillips initially thought his finger was only swollen and not broken and, upon realizing his injury was more severe, suggested he seek treatment at RMC—again, to which Plaintiff presumably was to be transferred. Plaintiff acknowledges that once he mentioned his finger to Hengle, Hengle ordered x-rays. He further acknowledges that once Hengle reviewed the x-rays, she referred him for physical therapy. There is no indication Hengle was aware that Plaintiff would need surgery in order for his finger to properly heal. To the extent Hengle failed to recognize that fact, she may have been negligent, but negligence is not actionable under the Eighth Amendment.

In sum, because Plaintiff expressly has alleged only negligence, and has alleged facts that could give rise only to a finding of negligence, Plaintiff has failed to state a viable Eighth Amendment claim. *See Estelle*, 429 U.S. at 107–08; *Taylor*, 221 F.3d at 1258; *Harris*, 941 F.2d at 1510; *Hamm*, 774 F.2d at 1575.

III.   CONCLUSION

For the reasons set forth above, Plaintiff has failed to state a claim upon which relief can be granted, and based on the facts alleged he cannot cure the deficiencies through further amendment.

Accordingly, it is respectfully **RECOMMENDED**:

1.   That Plaintiff's amended complaint (ECF No. 14) be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

2.   That the Clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 15th day of June 2021.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.** *Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.* **A copy of objections must be served on all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.:  3:20cv5350/MCR/EMT